

February 1, 2019

**<u>Via ECF and Facsimile</u>**
Honorable Naomi Reice Buchwald
United States District Court, S.D.N.Y.
500 Pearl Street, Room 21A
New York, New York 10007-1312

      Re:    Vuzix Corporation v. Ricardo Antonio Pearson a/k/a Richard Pearson
               Civil Action No. 19-cv-00689-NRB

Dear Judge Buchwald:

      We represent Plaintiff Vuzix Corporation ("Vuzix" or "Plaintiff") in the above-referenced action. We respectfully submit this letter in response to Defendant Ricardo Antonio Pearson a/k/a Richard Pearson's ("Defendant" or "Pearson") letter request, dated January 29, 2019, seeking a pre-motion conference in connection with his anticipated motion to dismiss. (Dckt. No. 4). As described in more detail below, Defendant's anticipated motion to dismiss is not likely to succeed.

      At the outset, the letter and the Declaration of Richard Pearson, dated January 23, 2019 (Dckt. No. 1-2) ("Declaration" or "Decl."), are emblematic of the defamatory article that is at the center of this lawsuit, in that it is full of sensationalism, light on facts, and improperly assails Vuzix, our firm, and others. Putting aside Pearson's thirty-two (32) paragraphs of self-adulation, Defendant's papers tactically gloss over the essential elements for removal – his ***domicile*** at the time the action was commenced ***and*** his ***domicile*** at the time he filed the notice of removal. Indeed, the Declaration is replete with self-serving *ad hominem* attacks, but when it comes to domicile, the thirty-two (32) paragraph Declaration is nuanced and cagey, at best. Under the circumstances, it is not surprising that Pearson resorts to further defamation of Vuzix and others, and this case's connection to California is remote, at best.

      Despite Defendant's efforts to circumvent his burden for removal, nothing in Defendant's letter refutes the Complaint's well-pleaded allegations that: (i) the underlying dispute arises from Defendant's false and defamatory statements about Vuzix, a citizen of ***New York***, that were transmitted to Seeking Alpha, Inc. ("Seeking Alpha"), a website publisher that maintains its headquarters in ***New York***; and (ii) Defendant is subject to personal jurisdiction pursuant to both CPLR §§ 301-302, and consequently, this Court lacks subject matter jurisdiction over this case because there is no diversity of citizenship.[1]

---

[1] As a threshold matter, Plaintiff submits that Defendant's request is premature. Neither the letter nor the Declaration refutes the Complaint's allegations that there is a lack of complete diversity amongst the parties. *See Lindsay v. Toyota Motor Sales, U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17641, at *5, (S.D.N.Y. Aug. 22, 2005) (The "burden on the removing defendant is heavy, and all factual and legal issues must be resolved in favor of the plaintiff."). A motion to remand, pursuant to 28 U.S.C. § 1447(c), which could, *inter alia*, moot Defendant's anticipated motion in its entirety is under consideration. *See Collins v. Flynn*, 2008 U.S. Dist. LEXIS 109877, at *5

Initially, Defendant attempts to create a sideshow over the fact that "Vuzix did not file suit against Richard Pearson" because "Ricardo Antonio Pearson" is not the same person as Defendant. These assertions are wholly contradicted by the caption in this case which denotes "Ricardo Antonio Pearson a/k/a Richard Pearson." Also, the veracity of Pearson's proclamation is further undermined by the fact that Defendant himself admits in the Declaration that third-parties have referred to him as "Ricardo," "Rico Suave" and "Uncle Rico." (Decl., at ¶ 12).

The remainder of Defendant's letter fares no better as it further illustrates Pearson's elusiveness. Indeed, the letter and the Declaration repeatedly emphasize that Pearson allegedly "resides" in California, yet, in the face of the Complaint, tactically avoid affirmatively representing: (i) that Pearson was "domiciled" or a "citizen" of California when the initial Complaint was filed and when Defendant filed his notice of removal; and/or (ii) that Pearson was not "domiciled" or a "citizen" of New York during the same period of time. *Wojcik v. 42nd St. Dev. Project, Inc.*, 2005 U.S. Dist. LEXIS 4018, at *3 (S.D.N.Y. Mar. 14, 2005) ("Even though a party may have several places of residence, he or she may have only one domicile at a given time…. Allegations of residence are insufficient to establish diversity jurisdiction."). Instead, Pearson uses carefully crafted and measured words stating that he: is "based" in Los Angeles, California and has "spent the majority of [his] time between Los Angeles and China" since 2005 (Decl., at ¶1); has "not lived in New York since 2005" (*Id.*); "currently live[s] in Los Angeles, California" (*Id.*, at ¶2); is a "resident" of California and "file[s] California tax returns accordingly" and has "continuously maintained the same *mailing* address" in Los Angeles since 2008 (*Id.*); is a "tax resident" of California and has "continuously maintained a mailing address in Los Angeles, and treat[s] California as [his] home" (*Id.*, at ¶4); and does not "currently reside in New York and [has] not resided in New York since 2005" (*Id.*, at ¶ 5). Simply put, these "facts" concerning Pearson's "residence" are a red herring and are patently insufficient to establish diversity jurisdiction. *See Vanderhorst v. Heitner*, 2015 U.S. Dist. LEXIS 89937, at *7-8, 2015 WL 4162732 (E.D.N.Y. Jul. 9, 2015) (granting plaintiff's motion to remand for want of diversity jurisdiction, noting that defendant's affidavit stated "only that she *resides* in an apartment in Lodi, New Jersey, not that she is a *citizen* of New Jersey…. Residence is not synonymous with domicile"). (Emphasis added.)

Even assuming, *arguendo*, that there is complete diversity, which there is not, Pearson still fails to establish lack of personal jurisdiction in New York. *First*, and as noted above, Pearson's recurring theme about his "residence" is insufficient to refute the Complaint's well-pleaded allegations regarding the applicability of CPLR § 301. *See Gletzer v. Harris*, 51 A.D.3d 196, 199 (1st Dep't 2008). *Second*, Defendant also fails to establish lack of personal jurisdiction pursuant to CPLR § 302, New York's long-arm statute, which states, in pertinent part, that "a court may exercise personal jurisdiction over a non-resident if the nondomiciliary transacts business within the state, [and] the claim against the nondomicilairy arises out of that business activity." Pearson cannot seriously dispute that he transacts business in New York. Pearson is a regular contributor to Seeking Alpha – a company that is headquartered in New York, to which Pearson submitted the defamatory article, and who is presumably compensating him.[2]

---

(W.D.N.Y. Jul. 21, 2008) (noting that a Court should first resolve plaintiff's motion to remand to determine whether it has subject matter jurisdiction before considering a motion to dismiss or to transfer venue).

[2] As an aside, Plaintiff intends to cross-move to seek discovery on jurisdictional issues. *See City of Almaty v. Ablyazov*, 278 F. Supp.3d 776, 809 (S.D.N.Y. 2017) ("Jurisdictional discovery is warranted where, even if plaintiff has not made a *prima facie* showing, [they have] made a sufficient start toward establishing personal jurisdiction…. A court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction ….")

Additionally, Defendant does not come close to overcoming his heavy burden in seeking to have venue transferred to California. *See* 28 U.S.C. § 1404. It is well-settled that courts typically defer to, and rarely disturb, a plaintiff's choice of forum. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp.2d 542, 547 (S.D.N.Y. 2008). Pearson provides no basis for this Court to stray from this established principle. Indeed, Pearson merely reiterates his mantra that he is a California citizen (a "fact" *not* asserted in his Declaration) and that the underlying article was "compiled" in Los Angeles – sparse allegations that simply have no bearing in a § 1404 analysis.

Glaringly absent from Pearson's self-serving analysis of the § 1404 factors are the following pertinent facts that Courts *actually* weigh when determining whether venue should be transferred: (i) Vuzix initiated this lawsuit in New York; (ii) Vuzix, the company that is at the center of the defamatory article, is headquartered in New York, and as such, the documents, records, and pertinent witness are located in New York; and (iii) the defamatory article was disseminated in New York through Seeking Alpha, which is also headquartered in New York.[3] On the other hand, any connections to California are strained and remote.

Similarly unavailing is Pearson's unilateral determination that "California law will apply to this matter" based, again, on his purposely vague allegations concerning his residency. Notably, Pearson contends that "New York applies the law of the state with the most significant interest in the litigation." (Dckt. No. 1-2, fn. 4). Pearson's interpretation of New York's choice of law principles is misguided. Specifically, in the context of a defamation case, New York courts look to the plaintiff's domicile at the time the defamatory statement was disseminated because, *inter alia*, "the state of the plaintiff's domicile will often bear a significant relationship to the case in a defamation action, because it is assumed that the plaintiff suffers the most damage to his reputation in his home state." *Collins*, 2008 U.S. Dist. LEXIS 109877, at *8. The same holds true "***even when the speaker lives in another state***." *Condit v. Dunne*, 317 F. Supp.2d 344, 353 (S.D.N.Y. 2004) (Emphasis added.)

Finally, even assuming, *arguendo*, that the Court transfers this case to a district court in California, which it should not, New York law would still apply because "the transferee court must apply the choice of law rules that the transferor court would have applied." *See Aequitron Med. v. CBS Inc.*, 1994 U.S. Dist. LEXIS 942, at *7 (S.D.N.Y., Feb. 2, 1994). Consequently, California's anti-SLAPP statute has no application to this case.

Based on the foregoing, Plaintiff submits that Defendant's anticipate motion is without merit and should be denied.

Respectfully submitted,

/s Todd J. Manister

cc:     Counsel of Record (*via ECF*)

---

[3] It is also worth noting that Seeking Alpha's Terms of Use ("TOU"), which governs the relationship between Pearson and Seeking Alpha, provides, in pertinent part that the TOU "is governed by and construed in accordance with the laws of the State of New York" and that the parties expressly "**agree to submit to the personal and exclusive jurisdiction of the federal and state courts located within New York County, New York, and waive any jurisdictional, venue, or inconvenient forum objections to such courts**." For this additional reason, the Court should not permit Pearson to seek dismissal on jurisdictional grounds. *See Aguas Lenders Recovery Group LLC v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009) ("[T]he fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause.").