UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VUZIX CORPORATION,<br><br>         Plaintiff,<br><br> – against –<br><br>RICARDO ANTONIO PEARSON a/k/a RICHARD PEARSON,<br><br>         Defendant. | Case No. 1:19-cv-00689-NRB<br><br>**RICHARD PEARSON'S<br>MEMORANDUM<br>IN OPPOSITION TO PLAINTIFF'S<br><u>MOTION TO REMAND</u>** |

   The purpose of Plaintiff's motion to remand is simply to waste Richard Pearson's time and resources, to punish his truthful speech exposing Vuzix's fraudulent behavior, and to chill future speech about Vuzix and other problematic companies. Vuzix is unable to rebut the evidence provided in Richard's report that demonstrates very clear signs of securities fraud being committed by Vuzix and its Santa Monica-based investor relations ("IR") firm IRTH Communications. Therefore, to avoid litigating the merits of this case, Vuzix has filed a baseless Motion to Remand, doubling down on its false (and wholly unsubstantiated) assertions that Richard Pearson lives in New York and that Richard Pearson has any relation to someone named "Ricardo Antonio Pearson." Vuzix, its counsel, and its IR firm all know that Richard Pearson is a widely recognized public author who lives in Los Angeles, California.[1] To be clear, Richard Pearson is both a resident of and a citizen of California: He is domiciled in California and in no other state.

   Vuzix bases its motion to remand on the fact that Richard Pearson's declaration offered in

---

[1] As set forth in Pearson's declaration (Dkt. 1-2), Vuzix and its IR firm IRTH Communications attended the same industry conferences (including LD Micro and CES) at the same time as Richard Pearson was present in December 2018 and January 2019. For the LD Micro Conference in Los Angeles in December 2018, Richard Pearson registered months in advance, wore a name tag at the conferences with accurate personal details, and was recognized by conference attendees and organizers by face and by name. Yet, Vuzix and its counsel represented to the Court that they were unable to locate "Ricardo Antonio Pearson" to serve him.

1

support of removal did not use the word "domicile." Mot. to Remand, at 4. Richard Pearson's declaration clearly states that he resides in, files tax returns in, maintains a mailing address, and intends to return to California whenever he leaves. Mot. to Remand at 5. Yet, Vuzix asserts that Richard was "attempt[ing] to distract the Court" with these facts.

In fact, Richard Pearson's declaration provides the very facts necessary to prove that he is domiciled in and a citizen of California. *See Lorenz v. Managing Dir., St. Luke's Hosp.*, No. 09 CIV. 8898 DAB JCF, 2010 WL 4922267, at *5 (S.D.N.Y. Nov. 5, 2010), report and recommendation adopted, No. 09 CIV. 8898 DAB, 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010) (finding statement that a party is domiciled in Germany is simply a legal conclusion that requires facts supporting it, rather than simply using the word "domicile"); *Pacho v. Enter. Rent-A-Car*, 510 F. Supp. 2d 331, 333–34 (S.D.N.Y. 2007) (internal quotations omitted) (noting that the analysis of where an individual is domiciled entails consideration of "the entire course of a person's conduct in order to determine the relevant intent" and factors such as the location where taxes are paid).

Richard Pearson has testified that California is his home and the state that he intends to return to whenever he is absent. *See generally* Dkt. 1-2, Decl. of Richard J. Pearson. As additional support, he has testified that he maintains a mailing address in California, he runs his business from California, and he pays taxes in California. *See id.* These facts clearly establish that Richard Pearson is a citizen of California.

And, more importantly, Richard Pearson has also unequivocally testified that the "Ricardo Antonio Pearson" named in the complaint is an entirely different person with a different first and middle name and who is listed as living at an address in New York where Richard Pearson has

never even set foot. *Id.* ¶ 5, 6, 11. Richard Pearson has not lived in New York since 2005. *Id.* ¶¶ 1, 5. Vuzix knows all of these things.[2]

Yet, in the face of this uncontroverted evidence, Vuzix has filed a motion to remand, citing a slew of cases that have little to do with the central issue of this removal. Nearly a dozen cases are cited for the proposition that the removing party has the burden to prove the court's jurisdiction and other basic legal standards not in dispute. Not one of these cases allows for remand where a defendant provides uncontested facts sufficient to prove domicile.

Indeed, while Vuzix claims *Vanderhorst v. Heitner* is "highly persuasive," it does not support their position. The court in *Vanderhorst* remanded a case where the removing party stated only that she "resides" in New Jersey but did not state that New Jersey was her "only residence or the place to which she intends to return whenever she is absent." *Vanderhorst v. Heitner*, No. 14-CV-4268 SLT VVP, 2015 WL 4162732, at *2 (E.D.N.Y. July 9, 2015). Pearson attested to the fact that his state of residence is California, that he considers California his home, that he intends to return there whenever he travels, and that he has not lived in New York since 2005. Dkt. 1-2, Decl. of Richard J. Pearson, ¶¶ 1-4. These facts are starkly different from *Vanderhorst* and establish California as Pearson's domicile.

Therefore, Vuzix's motion to remand is wholly without merit and should be denied.

---

[2] This tactic of deliberately naming the wrong person to silence Richard Pearson started when Richard published a report in February 2017 describing similar concerns about stock fraud at IRTH client Cemtrex, Inc. Cemtrex, Inc. filed suit against "Ricardo Antonio Pearson" on March 6, 2017, for a financial analysis published by Richard Pearson. Richard Pearson was not served. On May 31, 2017, an individual with Cemtrex's legal counsel called Richard Pearson at his office in Los Angeles under the pretense of seeking employment, and they spoke for around 30 minutes. Then, on June 5, 2017, just six days later, Cemtrex dropped the "Ricardo" suit, stating to the court that "Despite making seven attempts, Cemtrex has been unable to serve defendant Ricardo Antonio Pearson, a/k/a Richard Pearson ("Pearson"), within the 90-day time limit set forth in Rule 4(m)." *See Cemtrex, Inc. v. Ricardo Antonio Pearson*, Case No. 2:17-cv-01258-JS-AKT (E.D.N.Y.). Cemtrex dismissed the action without prejudice and reserved the right to refile. Like Vuzix and IRTH, Cemtrex has been a regular attendee of the LD Microcap conference in Los Angeles, which Richard Pearson has been attending for years. Cemtrex was also mentioned repeatedly in Richard's report about Vuzix, which is the issue that is now in dispute. Richard Pearson has repeatedly contacted IRTH in Los Angeles to demand that this harassment stop, including walking into their Santa Monica offices in August 2018.

Because it appears that the motion was filed to waste Richard Pearson's resources and delay the Court's consideration of Vuzix's defamation claim (which also lacks merit), Richard Pearson should be awarded his attorneys' fees and costs incurred in responding to this motion.[3]

Respectfully submitted,

HOLLAND & KNIGHT LLP

Dated February 26, 2019

/s/ Christine N. Walz
Christine N. Walz
Holland & Knight LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
212-513-3200
212-385-9010 (fax)
christine.walz@hklaw.com

Cynthia A. Gierhart
Holland & Knight LLP
800 17th Street NW, Suite 1100
Washington, DC 20006
202-469-5416
cindy.gierhart@hklaw.com
*S.D.N.Y. Admission Application Pending*

*Counsel for Richard Pearson*

---

[3] Indeed, it is precisely to avoid this type of gamesmanship and frivolous motions practice that the California anti-SLAPP statute allows for "early dismissal of meritless cases aimed at chilling expression through costly, time-consuming litigation" and mandates recovery of attorneys' fees. *See Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1154–55 (C.D. Cal. 2010).

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2019, I electronically served the foregoing on counsel for Plaintiff by using the Court's CM/ECF system.

/s/ Christine N. Walz
Christine N. Walz