# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
(212) 513-3368
christine.walz@hklaw.com

March 27, 2019

*Via E-Filing*

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Re: *Vuzix Corp. v. Ricardo Antonio Pearson,* Case No. 1:19-cv-00689
> **RICHARD PEARSON'S MOTION TO DISMISS**

Dear Judge Buchwald:

Richard Pearson submits this summary of the arguments raised in his motion to dismiss pursuant to rule E.1 of Your Honor's Individual Practices.

Vuzix's Amended Complaint alleges that nine statements contained in a financial analysis published by Richard Pearson in March 2018 were false and defamatory. It seeks $80 million in damages. Vuzix's Complaint lacks all merit and should be dismissed because this Court lacks jurisdiction over Richard Pearson and because the allegedly defamatory statements that Richard Pearson made about Vuzix are protected opinion based on disclosed facts, substantially true (as set forth in public documents), and/or not actionable as a matter of law.

**I.   THIS COURT LACKS PERSONAL JURISDICTION OVER RICHARD PEARSON, AND THIS MATTER SHOULD BE DISMISSED.**

This Court lacks jurisdiction over Richard Pearson. The Amended Complaint does not allege that this Court could exercise general jurisdiction over Richard Pearson, and the Court cannot because Richard Pearson is not domiciled in New York. The Court also cannot exercise specific jurisdiction over Richard Pearson in this case.

New York's long-arm statute carves out specific exemptions for defamation claims. Vuzix's allegations, therefore, that "Pearson committed tortious acts within and without the State that caused injury to Plaintiff in New York" are entirely irrelevant because the long-arm statute reaches only non-defamatory tortious acts committed, or causing injury, in New York. *See* N.Y. C.P.L.R. 302(a)(2), (3); Am. Compl. ¶ 10; *see also SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404, 963 N.E.2d 1226 (N.Y. 2012) ("Defamation claims are accorded separate treatment [in the long-arm statute] to reflect the state's policy of preventing disproportionate restrictions on freedom of expression . . . .").

Furthermore, Vuzix's general allegation that "Pearson transacted business in New York that gives rise to the claims herein" is not only unsupported (and untrue), but the allegation itself is also insufficient to establish personal jurisdiction over Richard Pearson under N.Y. C.P.L.R.

302(a)(1).  *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007).  Rather, to establish jurisdiction over a defamation defendant under CPLR 302(a)(1), "there must have been some 'purposeful activities' within the State that would justify bringing the nondomiciliary defendant before the New York courts," and there must be "some articulable nexus between the business transacted and the cause of action sued upon."  *SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 404, 963 N.E.2d 1226 (N.Y. 2012).  Likewise, simply writing about a New York corporation does not subject the writer to the jurisdiction of New York courts.  *See, e.g.*, *Best Van Lines*, 490 F.3d at 248; *SPCA of Upstate New York*, 18 N.Y.3d at 404, 963 N.E.2d at 1226.

Here, Richard Pearson researched the Vuzix report in California and published the report on his website *Moxreports.com*, a California-based website, on March 16, 2018.  *Seeking Alpha* re-published the report on March 20, 2018.  Under New York law, this re-publication by a New York-based website is insufficient to confer jurisdiction over Pearson. *See Strelsin v. Barrett*, 36 A.D.2d at 923, 320 N.Y.S.2d at 886. Richard Pearson did not travel to New York to conduct research for his article, nor did he write the article in New York. Finally, Richard Pearson has not consented to the jurisdiction of this Court through the Terms of Use on the *Seeking Alpha* website, which applies only to actions that arise between the user and *Seeking Alpha.*  For all of these reasons, Vuzix has failed to establish that this Court may exercise jurisdiction over Richard Pearson, and this case should be dismissed.

## II. VUZIX'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6).

Even if this case were not dismissed on personal jurisdiction grounds, the case should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]  Each of the statements at issue in the Vuzix Report is protected opinion based on disclosed facts, substantially true, and/or not actionable as a matter of law.  And, importantly, Vuzix makes no effort to rebut the substantial evidence set forth in the Vuzix Report demonstrating massive securities fraud, including more than 20 pages of detailed examples to show how the Vuzix promotion displays not just "any" but rather ALL of the six "signs of microcap stock fraud," which have been explicitly identified and warned about by the SEC.

Plaintiff alleges two causes of action: libel and libel per se. Under California law, libel is "a false and unprivileged publication . . . , which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. At its core, libel requires proof of falsity. An opinion based on a disclosed set of facts and statements that are substantially true are, therefore, not libelous.  *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 385, 10 Cal. Rptr. 3d 429, 436 (2004); *Maheu v. Hughes Tool Co.*, 569 F.2d 459, 466 (9th Cir. 1977). Because each of the statements alleged in the complaint is nonactionable opinion based on disclosed facts or is

---

[1]  This case should also be dismissed under California anti-SLAPP statute, which as set forth in detail below, allows for a dismissal of a defamation claim, arising out of acts in furtherance of one's right of petition or free speech in connection with a public issue unless the plaintiff can establish a probability of success on the merits. Cal. Civ. Proc. Code § 425.16(b).

substantially true (based on public documents), Vuzix has not alleged facts sufficient to support a claim for defamation, and its Complaint should be dismissed.

### III. VUZIX'S COMPLAINT SHOULD ALSO BE DISMISSED UNDER CALIFORNIA'S ANTI-SLAPP STATUTE.

The California anti-SLAPP statute provides a substantive immunity from defamation lawsuits, arising out of acts in furtherance of one's right of petition or free speech in connection with a public issue. Cal. Civ. Proc. Code § 425.16(b).  To invoke the immunity afforded by the Act, a defendant needs only make a threshold showing that the claim at issue arises from a "written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." *Id.* § 425.16(e)(3). Once a defendant makes a prima facie showing that the anti-SLAPP statute applies, the burden shifts to plaintiff to establish a probability of success on the merits. *Id.* § 425.16(b)(1); *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 824 (1994).

Websites that are accessible to the public—like MoxReports.com—are public forums for purposes of California's anti-SLAPP statute. *Maloney v. T3Media, Inc.*, 94 F. Supp. 3d 1128, 1134 (C.D. Cal. 2015), *aff'd*, 853 F.3d 1004 (9th Cir. 2017) (noting that websites are public forums even where "Defendant controls the content . . . with no ability for members of the public to express their viewpoint").  Likewise, serious allegations of securities fraud—like those contained in the Vuzix Report—are unquestionably matters of public interest. *See Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1154 (C.D. Cal. 2005).  Therefore, the statements at issue fall squarely within the protections of California's anti-SLAPP statute.

Because Richard Pearson has clearly met his burden under the anti-SLAPP statute, Vuzix has the burden to demonstrate it is likely to prevail in this lawsuit. Cal. Civ. Proc. Code § 425.16(b)(1); *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 824 (1994); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).  Because Richard Pearson has established that Vuzix has failed to state a claim for libel or libel per se, Vuzix cannot satisfy the heightened burden of an anti-SLAPP motion requiring likelihood of success on the merits. Thus, for all of the foregoing reasons, the complaint should be dismissed pursuant to California's anti-SLAPP statute.

Richard Pearson therefore respectfully requests an award for the entirety of his attorneys' fees and costs incurred in defense of this meritless lawsuit.

Dated: March 27, 2019                      Respectfully submitted,

                                             s/  Christine N. Walz
                                             Christine N. Walz
                                             Cynthia Gierhart
                                             *Counsel for Richard J. Pearson*

cc: *Counsel of Record for Vuzix Corp.*