

SICHENZIA
ROSS
FERENCE<sup>LLP</sup>

Todd J. Manister
tmanister@srf.law

April 22, 2019

*VIA ECF*

Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street, Room 21A
New York, NY 10007-1312

        Re:    Vuzix Corporation v. Ricardo Antonio Pearson a/k/a Richard Pearson
               Civil Action No. 19-cv-00689-NRB
               **PLAINTIFF OPPOSITION TO PEARSON MOTION TO DISMISS**

Dear Judge Buchwald:

      We are counsel for Plaintiff Vuzix Corporation ("Vuzix") and pursuant to your part rules this letter shall serve as a summary of the arguments raised in opposition to Defendant Richard Pearson's ("Pearson") motion to dismiss and special motion to strike.

## I.    THIS COURT SHOULD GRANT PLAINTIFF'S MOTION TO REMAND

      In response to the removal of this action from state court by Pearson, Plaintiff duly filed a timely motion to remand pursuant to 28 U.S.C. § 1447(c). (ECF Dkt. #10). The basis for Plaintiff's motion is the fact that Pearson has failed to satisfy his burden of establishing a viable basis for removal from New York State court, where Plaintiff originally instituted this suit.

      We agree with Pearson that this Court lacks jurisdiction of this action but for entirely different reasons. Pearson has brazenly ignored the Court's clear directive that he was to expressly state his domicile in his second bite at the apple. Pearson has not established the existence of diversity jurisdiction. Defendant's notice of removal is premised on the notion that diversity of citizenship exists between the parties. In a thirty-two paragraph Declaration (ECF Dkt. #1, Exhibit B) offered in support of the petition to remove, Pearson emphasizes, among other things, his current residence, where he presently lives, where he pays taxes, and where he maintains a mailing address. But not once does he establish (let alone so much as mention) his domicile. Under settled jurisdictional principles, a party's place of residence, dwelling or mailing address are wholly irrelevant in determining whether diversity jurisdiction exists for purposes of finding removal to be proper. *Mackason v. Diamond Fin. LLC*, 347 F. Supp.2d 53, 55 (S.D.N.Y. 2004). Instead, the dispositive factors are: (1) a defendant's domicile at the time

the action was commenced; and (2) a defendant's domicile at the time the notice of removal was filed. Defendant utterly fails to proffer evidence of either. Accordingly, since Defendant has failed to satisfy his burden of establishing a basis for removal, the matter should be remanded to New York State Supreme Court, New York County.

## II. PEARSON HAS NOT OFFERED COMPETENT PROOF OF HIS DOMICILE

This Court is one of limited jurisdiction and for diversity jurisdiction to exist that action must be between citizens of different states. 28 U.S.C. § 1332(a)(1); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Pearson solely alleges that he is "based in Los Angeles". Pearson's only evidence of this is a media credential which he alleges is proof that he lives in Los Angeles. (ECF Dkt. 25 ¶28). That is not sufficient to sustain Defendant's burden, as the party seeking to invoke the jurisdiction of this Court, that diversity jurisdiction exists. See, *Gilot v. Equivity*, 2018 U.S. Dist. LEXIS 140100, at *4 (S.D.N.Y. Aug. 16, 2018). Pearson is less than forthcoming to this Court as to his domicile for jurisdictional purposes. For instance, in November 2018 his LinkedIn account stated "Chaoyang District, Bejing, China" under his name with no reference to California as his location. His bio on *Seeking Alpha* states: "I spend my time living between Los Angeles and Beijing, China". There is no evidence that he was a citizen of California at the time he sought to remove this action.[1]

## III. THIS COURT HAS LONG ARM JURISDICTION OVER PEARSON

In the event this Court determines diversity jurisdiction exists, Pearson by his actions has purposefully availed himself of the privilege of conducting business activities within New York, thus invoking the benefits and protections of its laws. Pearson in publishing his Vuzix Report against a New York corporation, through his contributions as an "author" to a New York based website, purposefully transacted business within the state. Furthermore, his active contributions to the *Seeking Alpha* website rises to the level of interactivity which under the standards of *Best Van Lines, Inc. v Walker*, 490 F. 3d 239 (2d Cir. 2007) are applicable and subject Pearson to this state's long-arm jurisdiction. Pearson clearly conducted business over the internet for his personal financial gain. In this instance, Pearson targeted a New York corporation through a New York website and the causes of action in the complaint arose from this activity within the state. See CPLR 302(a).

## IV. PLAINTIFF HAS PLED A CAUSE OF ACTION UNDER FRCP 12(B)(6)

First, California law is not applicable to this action in that the state with the most interest and relationship to this matter is New York. Second, the Vuzix complaint meets the liberal federal notice pleading standards in that it sets forth a claim of relief for defamation which is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The elements of a defamation claim are: (1) a false and defamatory statement of

---

[1] Jurisdictional discovery is warranted where, as here, Pearson has not made a *prima facie* showing establishing diversity jurisdiction. See, *City of Almaty v Ablyazov*, 278 F. Supp.3d 776, 809 (S.D.N.Y. 2017)

fact; (2) regarding the plaintiff; (3) which is published to a third party; and which (4) results in injury to plaintiff. *Biro v. Conde Nast*, 883 F. Supp.2d 441, 456 (S.D.N.Y. 2012). In fact, the complaint contains more than sufficient detail to establish each and every element of a defamation claim and as such is sufficiently pled under the federal pleading standard. [2]

V. **CALIFORNIA'S ANTI-SLAPP STATUTE DOES NOT CONSTITUTE A GROUND FOR DISMISSAL**

Even if California law should be applicable to this action, the anti-SLAPP statute was not designed to give Pearson the absolute right to post defamatory statements in pursuit of his own financial gain as a short and distort investor. Ca. Civ. Pro. Code § 425.16 was designed to combat strategic lawsuits against public participation. Pearson has failed to satisfy the first prong of the two-step process under the statute, specifically that he fails to make a prima facie showing that the Vuzix lawsuit arises from an act in furtherance of Pearson's' constitutional right to petition and to free speech. The California anti-SLAPP statute was designed to protect a "writing made in a place open to the public or in a public forum in connection with an issue of public interest". *Id.* § 425.16(e)(3). Pearson did not write the Vuzix Report for purposes of an issue of public interest. Pearson wrote the report solely as an investor and in connection with his own financial interest in connection with his short position on Vuzix stock.

Furthermore, to prevail on an anti-SLAPP motion to strike, the complaint should be dismissed only if Vuzix presents an insufficient legal basis for its commencement. In fact, the burden of Vuzix is not very high as a plaintiff need only present sufficient evidence showing a "case of minimal merit". *GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal. App. 4th 141, 155 (2013); *Yu v Signet Bank*, 103 Cal. App 4th 298 (Cal. Ct. App. 2002). That Vuzix has done as more fully detailed within the declaration of both Paul J. Travers and Matt Margolis.

Vuzix Corporation therefore respectfully requests that this action be remanded to the New York state court and that the motion to dismiss and the special motion to dismiss under the California anti-SLAPP statute be denied in their entirety.

Respectfully submitted,

SICHENZIA ROSS FERENCE LLP

/s/ Todd J. Manister

Todd J. Manister
Thomas P. McEvoy
*Counsel for Vuzix Corporation*

cc: *Counsel for Defendant Pearson via ECF*

---

[2] In the event that the court grants the motion to dismiss under FRCP 12(b)(6) the Plaintiff requests that it be permitted leave to amend its complaint.