```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
VUZIX CORPORATION,

              Plaintiff,

    - against -

RICARDO ANTONIO PEARSON a/k/a
RICHARD PEARSON,

              Defendant.
----------------------------------X

**O R D E R**

19 Civ. 689 (NRB)

Plaintiff filed its complaint in state court on April 5, 2018, alleging, inter alia, that both plaintiff and defendant were residents of the state of New York for jurisdictional purposes. On January 23, 2019, defendant filed a notice of removal on the basis of diversity jurisdiction, declaring that he is, in fact, a citizen of California. Plaintiff now moves to remand the action back to state court on the ground that defendant has failed to make a sufficient showing of his domicile in California.[1]

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (internal citation

---

[1] The Court declines to hold oral argument on the pending motion to remand, as plaintiff has already been afforded meaningful opportunities to present its case both orally (on a teleconference held by the Court on February 28, 2019) and in two written memoranda of law, see ECF Nos. 12 and 33. See Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998).

and alterations omitted).  Defendant has clearly met his burden here by offering substantial, undisputed evidence that California is his "true, fixed home and principal establishment." Lorenz v. Managing Dir., St. Luke's Hosp., No. 09 Civ. 8898 (DAB) (JCF), 2010 WL 4922267, at *5 (S.D.N.Y. Nov. 5, 2010), report and recommendation adopted, No. 09 Civ. 8898 (DAB), 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010).  According to his declaration, defendant has spent the majority of his time since 2005 in either Los Angeles, California or China; currently lives in Los Angeles; has continuously maintained the same mailing address in Los Angeles since 2008; treats California as his home and intends to return there when he travels; does not rent or own real property in any state other than California; maintains a California driver's license and does not have a license in any other state; owns a single automobile and registers it with the state of California; files tax returns in California and no other state; lists his California mailing address when he files his federal income tax returns or whistleblower reports to federal law enforcement and regulatory agencies; and possesses all of his personal property in California except for when he travels.  See Decl. of Richard J. Pearson in Supp. of Mot. to Dismiss ¶¶ 2-19, ECF No. 25.  Defendant further attests that he has not lived in New York since 2005, does not solicit business or derive income from services rendered in New York, and does not "engage in any persistent course of business

or personal conduct in New York," id. ¶ 23. See id. ¶¶ 20-23. Taken together, these indicia of citizenship are more than sufficient to establish that defendant's domicile is California, not New York, for purposes of diversity jurisdiction.[2] See 15A Moore's Federal Practice - Civil § 102.36 (2019) (listing factors that courts typically consider as evidence of domicile).

Accordingly, there is complete diversity between the parties. Plaintiff's motion to remand to state court for lack of subject matter jurisdiction is denied, as is his request for jurisdictional discovery on the issue of defendant's domicile.[3] The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 10.

**SO ORDERED.**

Dated: New York, New York
April 24, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[2] To be clear, contrary to statements made in plaintiff's brief, our suggestion that defendant file a supplemental declaration to alleviate plaintiff's lingering jurisdictional concerns, which was made during the Court's February 28, 2019 teleconference with the parties, did not include a mandate that defendant intone certain "magic words" in describing his citizenship. Plaintiff's argument that defendant was required to do so to establish his domicile is without a basis in law and seeks to improperly elevate form over substance.

[3] Given plaintiff's failure to rebut the substantial evidence of defendant's California citizenship, discovery is not necessary to resolve this issue. See Molchatsky v. United States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011) ("A party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity.").

3